IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MONDAY LEE DEMARSH,
    Plaintiff,

vs.                                                   Case No.: 3:13cv605/LAC/EMT

SERGEANT GODWIN, et al.,
    Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, an inmate of the Florida Department of Corrections ("FDOC") proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on November 24, 2013 (doc. 1). He also filed a motion for leave to proceed in forma pauperis (doc. 2).

    Title 28 U.S.C. § 1915(g), the "three strikes" provision of the Prison Litigation Reform Act, prohibits a prisoner from proceeding in forma pauperis under certain circumstances. That provision provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

    A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See* Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the

prisoner "must pay the filing fee at the time he initiates the suit."); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception is if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of three actions previously filed by Plaintiff, while incarcerated, which were dismissed as frivolous, malicious, or for failure to state a claim (*see* attached orders of dismissal). *See* DeMarsh v. Lakeland Ledger Newspaper Co, No. 8:11-cv-02496-T-23TBM (M.D. Fla. Nov. 9, 2011) (dismissing civil rights complaint filed by Plaintiff while incarcerated for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)); DeMarsh v. Polk Cnty. Sheriff's Dep't., No. 8:11-cv-02647-T-23EAJ (M.D. Fla. Dec. 27, 2011) (dismissing civil rights complaint filed by Plaintiff while incarcerated for failure to state a claim); DeMarsh v. Polk Cnty. State Attorney's Office, No. 8:11-cv-02856-T-27TGW (M.D. Fla. Jan. 3, 2012) (dismissing civil rights complaint filed by Plaintiff while incarcerated for failure to state a claim, pursuant to 28 U.S.C. § 1915A).[1] Therefore, Plaintiff may not proceed in forma pauperis in the instant case, unless he qualifies under the "imminent danger of serious physical injury" exception of § 1915(g).

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See* Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231

---

[1] Plaintiff admits he previously filed § 1983 cases in 2011, but states he is unsure of the case numbers and filing dates (doc. 1 at 3–4).

(10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, Plaintiff sues officers and employees of Walton Correctional Institution ("Walton C.I.") and another inmate at Walton C.I. for confiscating his Uniform Commercial Code (U.C.C.) and "sovereignty" materials, censoring his legal mail for references to the U.C.C. and sovereignty, shooting him in the face with rubber bands and paper clips, twisting his fingers and wrist while handcuffing him to take him to confinement, and writing false disciplinary reports (doc. 1 at 5–10). He seeks declaratory and injunctive relief, as well as monetary damages (*id.*).[2]

Plaintiff does not allege, nor do his factual allegations suggest, that Defendants' conduct poses an imminent threat of serious physical injury. Therefore, he does not qualify under the imminent danger exception to § 1915(g). Accordingly, he may not proceed in forma pauperis. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *See* Dupree, 284 F.3d at 1236; Vanderberg, 259 F.3d at 1324.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (doc. 2) is **DENIED**.

And it is respectfully **RECOMMENDED**:

---

[2] The specific injunctive relief requested by Plaintiff is (1) transfer to an institution in another FDOC region, (2) filing of criminal charges against Defendants, (3) removal of the disciplinary reports from his inmate record, and (4) return of his "religious sovereignty" books and information (doc. 1 at 7).

Case No.: 3:13cv605/LAC/EMT

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

At Pensacola, Florida, this 10th day of December 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**